**FILED**
**Dec 15, 2023**
**02:20 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **KAWANDA SCOTT,** | ) | **Docket No.: 2023-08-0096** |
| **Employee,** | ) | |
| **v.** | ) | |
| **RENT-A-CENTER, INC.,** | ) | **State File No.: 76871-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **EVEREST PREMIER INS. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

The Court held an expedited hearing on December 13, 2023, on Ms. Scott's request for medical and temporary disability benefits for ulnar neuritis. The Court denies her request because the authorized treating physician determined that Ms. Scott's current condition is not primarily related to her workers' compensation injury.[1]

### History of Claim

Ms. Scott testified that she fell backwards at work while rolling a king size mattress into the store on a dolly on October 1, 2021.[2] She testified that Rent-A-Center provided her a panel, from which she chose Concentra. She presented with pain in her tailbone and her upper right neck. X-rays showed no significant findings, and her doctor assigned physical therapy and placed her on light-duty work.

---

[1] Rent-A-Center seeks repayment for a $18,059.35 temporary total disability overpayment. However, the parties agreed this issue is more appropriate for a compensation hearing. Thus, the Court declines to rule on overpayment.

[2] Randy Ganger, a delivery driver not employed by Rent-A-Center but present at the time of the injury, testified by Zoom about what happened on the date of the injury. However, because the events of October 1, 2021, are not in dispute, the Court will not summarize his testimony here.

According to Ms. Scott's testimony, Rent-A-Center did not accommodate her restrictions, so she continued working full duty. After she experienced continuing pain, Concentra ordered MRIs, which came back with no acute findings. Eventually she stopped working and participated in physical therapy. The physical therapy only granted slight relief, so Concentra referred her to Dr. Keith Williams, an orthopedic doctor.

Ms. Scott testified she requested Dr. Williams because he previously performed her unrelated cervical fusion. Rent-A-Center accepted the referral.

Dr. Williams ordered an EMG, which came back normal. He also ordered a functional capacity exam, which showed Ms. Scott's ability to work at medium duty level. He placed Ms. Scott at maximum medical improvement with a zero percent rating on February 18, 2022, and noted that she would need future medical treatment.

Ms. Scott next saw Dr. Salman Saeed, who gave her a left elbow injection about a year after she was placed at maximum medical improvement. Ms. Scott briefly mentioned that she experienced her current symptoms of left elbow pain and numbness after her fall at work. Dr. Saeed also noted her normal MRI and EMG. Dr. Saeed's treatment was not authorized.

Ms. Scott also saw Dr. Robert Jeffrey Cole, who referred her for another EMG, which showed mild ulnar neuritis at her left elbow. Dr. Cole's records were not submitted to the Court.

A later note by Dr. William Weller, another orthopedist, stated that Dr. Cole determined that Ms. Scott only had mild symptoms that did not require surgery.

Ms. Scott returned to Dr. Williams a month after the second EMG. He stated in a letter that "it is my professional opinion that the ulnar neuritis Mrs. Scott is currently experiencing is not related to the worker's compensation injury she sustained to her neck and back on 10/01/21."

Dr. Chris Connelly conducted a records review at Ms. Scott's request. He diagnosed a left elbow injury, cubital tunnel syndrome, and ulnar neuropathy. He assessed a two percent impairment rating and stated that, due to her developing condition, impairment would be updated in six months to one year. Dr. Connelly did not address causation for Ms. Scott's diagnosed injuries.

**Findings of Fact and Conclusions of Law**

Ms. Scott must show she is likely to prevail at trial in establishing that her injuries arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. §

50-6-102(12); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

In this case, Rent-A-Center offered the opinion of Dr. Williams, who specifically said Ms. Scott's work injury did not cause her current ulnar neuritis. Dr. Williams, as the authorized panel physician, is presumed correct regarding causation. Tenn. Code. Ann. § 50-6-102(12)(E).

Ms. Scott offered two expert opinions to rebut Dr. Williams. However, Dr. Connelly's report does not offer an opinion on causation, and Dr. Saeed's only briefly mentions that Ms. Scott's continuing symptoms began in October 2021. These two opinions fall short of showing her elbow injury was primarily work-related, so her proof is insufficient to rebut the presumption afforded Dr. Williams.

Thus, the court holds that Ms. Scott is not likely to prevail at trial in establishing that her ulnar neuritis arose primarily out of and in the course and scope of her employment.[3]

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Scott's request for medical and temporary benefits is denied.

2. The court sets **a status conference on January 29, 2024**, at **10:30 a.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED December 15, 2023.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

---

[3] Ms. Scott requested that she be allowed to treat with her unauthorized physicians. However, Dr. Williams has not declined to treat her, so he continues to be her authorized treating physician. *Limberakis v. Pro-Tech Sec., Inc.*, 2017 TN. Wrk. Comp. App. Bd. LEXIS 53, at *8-10 (Sept. 12, 2017).

# APPENDIX

Exhibits:

1. Joint-Filed Medical Records
2. Wage Statement
3. Payment Ledger

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Hearing with Affidavit of Kawanda Scott
4. Order Setting Expedited Hearing
5. Order Granting Motion for Witness to Appear by Video Call
6. Subpoena of Witness Appearing by Video Call
7. Employer's Pre-Hearing Brief

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on December 15, 2023.

| Name | Email | Sent to |
|------|-------|---------|
| Femi Salu, Employee's Attorney | **X** | salu@salulawfirm.com |
| Kenneth D. Veit, Employer's Attorney | **X** | kenny.veit@leitnerfirm.com<br>crystal.brown@leitnerfirm.com |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*